**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOKOLSKYFILM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAW SUGAR BROOKLYN, LLC d/b/a GEORGE & JACK'S TAP ROOM,<br><br>Defendant. | C.A. No.: 2:25-cv-04018-LGD<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

Defendant Raw Sugar Brooklyn, LLC d/b/a George & Jack's Tap Room ("Defendant"), by its attorneys, submits this Answer and Defenses to the Complaint (Dkt. 1) ("Complaint") filed by Plaintiff Sokolskyfilm, Inc. ("Plaintiff") and states as follows:

## I. INTRODUCTION

1. Denied, except admitted that this case is about purported copyright infringement.

2. Denied, except admitted that Plaintiff makes claims for purported copyright management information violations.

## II. THE PARTIES

3. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies same.

4. Admitted, except denied that Defendant is a corporation, and denied that Defendant's zip code is 11211.

5. Denied.

6. Defendant believes no response to paragraph 6 is required, but to the extent a response is required, denied.

## II.[*sic*] JURISDICTION AND VENUE

7. Admitted that this is a civil action alleging copyright infringement, but denied as to any liability by Defendant.

8. Admitted that this Court generally has original subject matter jurisdiction over claims made pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, but Defendant lacks information sufficient to form a belief whether the Court has original subject matter jurisdiction over the claims made by Plaintiff in this action.

9. Admitted that this Court has personal jurisdiction over Defendant, and denied as to all remaining allegations.

10. Admitted that venue is proper in this District, and denied as to all remaining allegations.

11. Admitted that venue is proper in this District, and denied as to all remaining allegations.

## III. [*sic*] FACTUAL ALLEGATIONS

12. Denied.

13. Denied, except admitted that the quoted passage "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries" is contained in U.S. Const. Article I, Section 8, and admitted that the quoted passage "Copyright law encourages people to create original works and thereby 'ultimately serves the purpose of enriching the general public through access to creative works'" is contained in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

14. Admitted.

15. Denied.

16. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies same.

17. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies same.

18. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies same.

19. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies same.

20. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies same.

21. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies same.

22. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies same.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies same.

24. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies same.

25. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies same.

26. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies same.

27. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies same.

28. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies same.

29. Denied.

30. Denied.

31. Denied.

32. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies same.

33. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies same.

34. Admitted.

35. Admitted that the images in Paragraph 35 of the Complaint purport to be copies of social media posts by Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint, and therefore denies same.

36. Admitted.

37. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies same.

38. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies same.

39. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies same.

40. Admitted.

41. Admitted that Plaintiff's counsel requested contact with Defendant's legal counsel, denied that the communication was on April 2, 2025, denied that Plaintiff's counsel requested contact with Defendant's commercial insurance carrier, denied that Plaintiff noted that "the infringing Facebook and Instagram posts remained live," and denied as to the remaining allegations in Paragraph 41 of the Complaint. In particular, Defendant's counsel contacted Plaintiff's counsel via email the same day, on April 2, 2025.

42. Admitted that, in subsequent communications between counsel, Defendant did not assert that any license or authorization had been obtained for Defendant's use of the photo, and denied as to the remaining allegations in Paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies same.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## V. [*sic*] CAUSE OF ACTION

56. Defendant re-alleges and incorporates by reference its responses set forth in the preceding paragraphs of this Answer.

57. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore denies same.

58. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies same.

59. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, including whether the Photo is copyrighted, and therefore denies same.

60. Denied.

61. Denied.

62. Admitted that, prior to first contact from Plaintiff, Defendant did not ask permission or pay a licensing fee, and Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Complaint, and therefore denies same.

63. Admitted that, prior to first contact from Plaintiff, Defendant did not ask permission or pay a licensing fee, and denied as to the remaining allegations in Paragraph 63 of the Complaint.

64. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies same.

65. Denied as to all substantive allegations in Paragraph 65 of the Complaint, and Defendant lacks information sufficient to form a belief as to Plaintiff's information and belief, and therefore denies same.

66. Denied.

67. Denied.

68. Denied.

69. Defendant re-alleges and incorporates by reference its responses set forth in the preceding paragraphs of this Answer.

70. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore denies same.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## VII. JURY TRIAL DEMANDED

76. No admission or denial of the statement in Paragraph 76 of the Complaint is required.

## VIII. RELIEF REQUESTED

77. Denied that Plaintiff is entitled to any relief whatever. To the extent any statement in Paragraph 77 of the Complaint is deemed factual, it is denied.

## SEPARATE DEFENSES

Defendant states the following separate and affirmative defenses, without assuming the burden of proof of any such defense that rests with Plaintiff. Defendant reserves the right to amend this Answer to allege additional separate and affirmative defenses as they become known.

**First Separate Defense**

Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright, and thus any award of statutory damages should be reduced pursuant to 17 U.S.C. § 504(c)(2).

**Second Separate Defense**

Plaintiff's recovery is limited or prohibited by 17 U.S.C. § 507(b) because this action was not commenced within three years after the copyright holder discovered, or with due diligence should have discovered, the alleged infringement.

**Third Separate Defense**

Plaintiff's recovery is limited or prohibited by the doctrine of unclean hands because Plaintiff's claim is part of a pattern of strategic infringement claims of dubious merit brought with the intent to coerce prompt settlements from defendants who would prefer to pay modest or nuisance settlements than be tied up in expensive litigation.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant demands judgment as follows:

A. Dismissal with prejudice of all claims asserted in the Complaint;

B. An award to Defendant of its attorney fees in this action;

C. An award to Defendant of its costs and expenses of this action; and

D. Such other relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

Dated: August 18, 2025

*s/ Noam J. Kritzer*

Noam J. Kritzer
(nkritzer@kmpatentlaw.com)
KRITZER MCPHEE LLP
256 Columbia Turnpike
Edison Suite, Unit 204
Florham Park, New Jersey 07932
Tel: 973-679-7272

Ryan S. McPhee
(rmcphee@kmpatentlaw.com)
KRITZER MCPHEE LLP
501 W. Broadway, Suite 800
San Diego, California 92101
Tel: 619-758-3600

*Attorneys for the Defendant:*
*Raw Sugar Brooklyn, LLC d/b/a George & Jack's Tap Room*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 18, 2025.

*s/ Noam J. Kritzer*
Noam J. Kritzer