**KRITZER MCPHEE LLP**
ATTORNEYS AT LAW

256 COLUMBIA TPKE, STE 204
FLORHAM PARK, NJ 07932
TELEPHONE: (973) 679-7272

100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
TELEPHONE: (212) 931-6580

501 W. BROADWAY, SUITE 800
SAN DIEGO, CA 92101
TELEPHONE: (619) 758-3600

May 29, 2026

**Via ECF**
The Honorable James R. Cho
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Sokolskyfilm, Inc. v. Raw Sugar Brooklyn, LLC d/b/a George & Jack's Tap Room.*, Case No. 2:25-cv-04018-PKC-JRC

Dear Judge Cho:

Pursuant to Your Honor's Scheduling Order entered on May 22, 2026, Defendant Raw Sugar Brooklyn, LLC d/b/a George & Jack's Tap Room ("Defendant") hereby responds to Plaintiff's Letter Motion for Discovery Sanctions (Dkt. 24).

## I. Procedural History: Plaintiff Manufactured This Dispute

Plaintiff's claim that Defendant "refused to respond to the joint letter" is plainly untrue. Plaintiff transmitted a draft of the joint letter on Monday, May 18, 2026, at 9:51 p.m. EDT. On May 21, the undersigned counsel proposed a meet-and-confer to resolve the issues. Plaintiff's counsel refused, summarily declaring that "[t]he time [to meet and confer] has passed," and immediately filed the unilateral letter motion (Dkt. 24). Plaintiff's refusal to engage in good faith violates the Court's local rules and individual practices.

## II. Defendant's Diligent and Complete Supplemental Production

Defendant's initial discovery efforts were diligent and proportional. Following her April 29 deposition, Ms. Rivera conducted targeted, exhaustive searches of every platform and account raised during her questioning. Contemporaneous with this letter, Defendant is supplementing its production, providing the following verified data points to Plaintiff:

- **Email Custodians & Accounts**: Ms. Rivera accessed the EventsatGJ@gmail.com account and produced nine pages of relevant correspondence. Defendant also recovered and produced an internal March 4, 2025 email forwarded to co-owners Bill Mack, Sal Fristensky, and Michael Zazza. The metadata timeline reflects this notice was forwarded immediately following a time-sensitive bar opening in Nashville.

- **iCloud and Hardware Storage**: Ms. Rivera audited her personal iCloud photo storage and produced a visual verification screenshot of the underlying photograph as archived in her iCloud database.
- **Pinterest Historical Audit**: Ms. Rivera audited 11 years of Pinterest data. Defendant provided screenshots of these active boards confirming the photograph is no longer hosted or saved on her profile.
- **Instagram and Facebook Metrics**: Defendant delivered a comprehensive visual mapping of the George & Jack's Instagram grid from January 2021 through June 2021. Defendant verified the historical archive is empty and provided the April 2021 Stories archive proving the photograph was never disseminated via temporary stories.
- **Text Message Verification**: Ms. Rivera reviewed her device and confirmed under oath that no responsive text messages exist between herself and the co-owners regarding this claim.

## III. Further Compelled ESI Discovery Violates Rule 26 Proportionality

Five years ago, Ms. Rivera saved an interesting photograph from Pinterest and posted it to Instagram and Facebook to highlight the bar's extended hours emerging from the COVID-19 pandemic. The amount in controversy in this single-photograph copyright case is *de minimis*.

Plaintiff's continuous demands for expansive cloud, device, and platform audits violate the proportionality mandates of Fed. R. Civ. P. 26(b)(1). Compelling invasive, expensive forensic tracking across numerous non-operational third-party custodians over a single, deleted promotional post is wildly disproportionate to the economic reality of this case. Defendant has provided all existing metadata and account verifications; further discovery serves only a punitive purpose.

## IV. Defendant's Interrogatory Certification and Rule 30(b)(6) Designation Were Proper

Plaintiff's demand for Rule 26(g)(3) and Rule 30(d)(2) sanctions lacks merit. Interrogatory No. 3 properly identified Ms. Rivera as the sole operational owner with direct, day-to-day knowledge regarding the creation and modification of the social media posts. While co-owners were copied on high-level administrative emails, they lacked hands-on involvement with marketing. Furthermore, any disruption during the April 29 deposition was driven by Plaintiff's overly broad questioning style, which required routine clarification from Your Honor's chambers.

## V. Plaintiff Cannot Establish Spoliation Sanctions

A party seeking spoliation sanctions must establish that: (1) the party had an obligation to preserve evidence; (2) the records were destroyed with a culpable state

of mind; and (3) the destroyed evidence was relevant and favorable to the moving party's claim. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004).

Defendant operates a local bar in Williamsburg. Ms. Rivera is the sole operational owner and has acted with complete transparency, as evidenced by her deposition transcript. Even if any data was altered or deleted historically -- which Defendant does not concede -- it was negligent at worst. Plaintiff cannot prove that any missing evidence was relevant or favorable to its claims. There is no basis for spoliation sanctions.

## VI. Plaintiff's Counsel's Evasive Settlement Conduct

Finally, Plaintiff's counsel appears to be multiplying these proceedings in bad faith, presumably to artificially inflate fees. On April 30 -- the day after Ms. Rivera's deposition -- Plaintiff's counsel wrote: "Plaintiff withdraws its prior offer of $[ ]."[1] Defendant had never previously heard of any such offer. The next day, the undersigned requested details as to when and how this "withdrawn" offer was allegedly made. Plaintiff's counsel has ignored two targeted inquiries. Defendant is left with the strong impression that Plaintiff's counsel was instructed by his client to extend a settlement offer at the specific dollar amount prior to the deposition, yet Plaintiff's counsel failed to do so and went forward with the deposition to incur unnecessary costs. While Defendant cannot say with certainty whether the case would have settled, Defendant absolutely would have given the alleged offer due consideration before incurring the cost and inconvenience of a deposition.

Respectfully submitted,

s/ *Noam J. Kritzer*

Noam J. Kritzer
(nkritzer@kmpatentlaw.com)
KRITZER MCPHEE LLP
256 Columbia Turnpike
Edison Suite, Unit 204
Florham Park, New Jersey 07932
Tel: 973-679-7272

*Attorneys for the Defendant:*
*Raw Sugar Brooklyn, LLC d/b/a*
*George & Jack's Tap Room*

c: All counsel of record (via CM/ECF)

[1] Defendant redacts the exact dollar amount in the spirit of Fed. R. Evid. 408.